UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORTH AMERICAN COMPANY
FOR LIFE AND HEALTH INSURANCE                                                    PLAINTIFF

v.                                              No. 2:22-cv-2152

SUE MOUA                                                      DEFENDANT/CROSS CLAIMANT

GA MOUA                                                       DEFENDANT/CROSS DEFENDANT

**OPINION AND ORDER**

Before the Court are joint motions filed by Plaintiff North American Company for Life & Health Insurance ("North American") and Defendant/Cross Claimant Sue Moua (Docs. 32, 33). The pending motions are a joint motion for default judgment against Defendant/Cross Defendant Ga Moua (Doc. 32) and a joint motion for interpleader deposit (Doc. 33). For the reasons stated below, the motion for default judgment will be GRANTED. The motion for interpleader deposit will be GRANTED IN PART and DENIED IN PART.

**I.      Background**

North American initiated this interpleader action on September 9, 2022. The complaint alleged North American currently holds $100,000 in funds from a life insurance policy ("the Funds"), is a disinterested stakeholder, and wishes to interplead the funds into the Court registry pending disposition of all competing claims. The complaint named Sue Moua and Ga Moua as defendants because both asserted claims to the Funds. Sue Moua answered the complaint and asserted a crossclaim against Ga Moua. (Doc. 19). Ga Moua did not answer the complaint. The Clerk has entered Ga Moua's default. (Docs. 28, 30).

North American and Sue Moua now move for default judgment against Ga Moua under Federal Rule of Civil Procedure 55(b). North American also seeks to deposit its admitted liability,

1

minus $2,635.50 in reasonable attorney's fees and costs. After depositing the Funds, North American seeks to be dismissed from the action with judgment entered in its favor on its interpleader complaint. Sue Moua seeks default judgment on his crossclaim against Ga Moua. Finally, North American and Sue Moua ask for an order directing the Clerk of Court to distribute the remaining interpleaded Funds to Sue Moua.

## II. Analysis

### a. Interpleader

"Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed from the threat of multiple liability." *Acuity v. Rex, LLC*, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. 2017) (citing *Gains v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)). A party may bring a claim under 28 U.S.C. § 1335 or Federal Rule of Civil Procedure 22. North American brought its complaint under both. Rule 22 "does not provide an independent basis for jurisdiction;" however, jurisdiction may be based on diversity under 28 U.S.C. § 1332. *Am. Gen. Life Ins. Co. v. White*, 2021 WL 2075559, at *2 (E.D. Mo. May 24, 2021) (quotations and citations omitted). Here, there is complete diversity of citizenship because North American is a citizen of Iowa and Defendants are citizens of Arkansas and California, respectively. Further, the Funds exceed $75,000. Because there is diversity of citizenship and the amount in controversy exceeds $75,000, the jurisdictional requirements are satisfied.

Interpleader is a two-stage process. *Oakley Grains, Inc. v. Shumate*, 2018 WL 4568596, at *2 (E.D. Ark. Sept. 24, 2018).

> During the first stage, the court decides whether interpleader is available by determining "whether the prerequisites to rule or statutory interpleader have been

met by examining such things as citizenship of the litigants, the merits of the asserted threat of multiple vexation . . . ." Charles Alan Wright, et al., 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.) (West 2013). The Court then proceeds to the second stage to determine the respective rights of the claimants to the fund at issue.

*Id.* When interpleader is available, the court "may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead." Wright, § 1714. "When the stakeholder does not assert a claim to the stake, 'the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court. That dismissal should take place without awaiting an adjudication of the defendants' competing claims." *Oakley Grains, Inc.*, 2018 WL 4568596, at *2 (citing *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007)).

The Court finds interpleader is proper. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 and North American has shown the threat of multiple vexation against the Funds by identifying adverse parties who have claimed, or can claim, the Funds. The Court authorizes North American to deposit the Funds plus applicable interest in its possession into the registry of the Court. Upon deposit of the Funds, North American will be discharged from any further liability regarding the Funds and dismissed with prejudice from this case.

 b. **Default Judgment of Ga Moua**

"It has been repeatedly held that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Cincinnati Ins. Co. v. Dievernich*, 2022 WL 4554847, at *5 (E.D. Ark. Sept. 28, 2022) (cleaned up). "Accordingly, 'a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint.'" *Id.* (quoting *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala.

Mar. 25, 2015)).  Ga Moua failed to respond to the complaint, *see* Doc. 37, so default judgment is appropriate against him.

The interpleader process is now in stage two, during which the Court must determine the claimants' respective rights to the fund at issue.  *Oakley Grains, Inc.*, 2018 WL 4568596, at *2. When all defendants default except one, the remaining defendant is entitled to the fund.  *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *cf. State Farm Mut. Auto. Ins. Co. v. Wagnon*, 959 F.2d 245 (10th Cir. 1992) ("A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue.").  Sue Moua is the only remaining defendant since Ga Moua failed to appear.  Therefore, the Court finds Sue Moua is entitled to the balance of the Funds after assessment of any taxes and fees.

The last issue is whether to enter an order restraining the parties from instituting or prosecuting any proceeding affecting the property involved in this interpleader action under 28 U.S.C. § 2361.  This statute grants the district court discretion to enter such an order.  28 U.S.C. § 2361 ("the district court *may* issue") (emphasis added).  The Court does not believe such an order is necessary in this case because this Order will fully dispose of the Funds and discharges North American from further liability under the policy.  Therefore, the Court declines to enter the requested injunction.

    c. **Attorney's Fees and Costs**

North American requests $2,635.50 in fees and costs.  Attorney's fees and costs are generally awarded to a disinterested stakeholder out of an interpleaded fund.  *Miller Mut. Ins. Ass'n of Ill. v. Wassall*, 738 F.2d 302, 304 (8th Cir. 1984).  The amount of fees should be modest because "an interpleader action . . . 'does not usually involve any great amount of skill, labor, or responsibility.'"  *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 979 (8th

Cir. 2016) (quoting *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)).  North American and Sue Moua agreed to an award of $2,635.50 for North American's fees and costs. (Doc. 33, ¶ 20).  The Court has reviewed the parties' agreement and concludes that the requested fees and costs are reasonable.  The Court awards North American $2,635.50 in fees and costs, which North American can deduct from the Funds to be deposited.

### III. Conclusion

IT IS THEREFORE ORDERED that North American and Sue Moua's joint motion (Doc. 32) for default judgment against Ga Moua is GRANTED.  North American is entitled to default judgment on its interpleader claim, and Sue Moua is entitled to default judgment on his crossclaim. Judgment will be entered separately.

IT IS FURTHER ORDERED that North American and Sue Moua's joint motion (Doc. 33) to deposit funds, for an award of attorney's fees and costs, and for final judgment is GRANTED IN PART.  North American is directed to deliver to the Clerk of this Court, within 21 days, funds totaling its admitted liability, which is $100,000 plus applicable interest, minus $2,635.50.  At that time, North American will be dismissed and discharged.  The Clerk is directed to deposit the Funds into the registry of this Court.

IT IS FURTHER ORDERED that North American and Sue Moua's joint motion (Doc. 33) to deposit funds, for an award of attorney's fees and costs, and for final judgment is DENIED IN PART as to the requested injunction.

IT IS FURTHER ORDERED that North American is entitled to $2,635.50 for its attorney's fees and costs.

IT IS FURTHER ORDERED that that the Clerk of Court is directed to distribute the balance of the Funds after assessment of any taxes and fees to Sue Moua, with a mailing address of Sue Moua, c/o Bob Estes, One East Center Street, Suite 200, Fayetteville, AR 72701-5302.

IT IS SO ORDERED on this 20th day of April, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE